IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD W. KEISTER                                                                    PLAINTIFF

    v.    Civil No.4:10-cv-04041

WARDEN TURNER, Miller
County Correctional Facility;
DR. NASH; and JAIL NURSING
STAFF                                                                                               DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Richard W. Keister, a former inmate of the Miller County Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Separate Defendants Dr. Clayton Nash, Nurse Williams, Nurse Cheatman, Nurse Stewart, and Correctional Healthcare Management, filed a motion to dismiss (Doc. 14). Separate Defendant Major Gary Turner also filed a motion to dismiss (Doc. 17). In the motions, Defendants contend Plaintiff failed to exhaust his administrative remedies prior to filing suit in federal court as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff has filed a response to the motion (Doc. 19) and a reply brief was filed (Doc. 21). The motions to dismiss are now before me for issuance of this report and recommendation.

### I. BACKGROUND

The complaint in this case was received by the Court on March 17, 2010, and signed by the Plaintiff on March 15, 2010. ECF. No. 1 pg. 1. On February 7, 2010, Plaintiff alleges he awoke

because of a "really loud noise" and there was a "dark slick film" and water "coming down." ECF No. 1 pg. 1; ECF No. 4 pg. 4. He jumped up, slipped, and fell. *Id.* He injured his right knee, left wrist, and cut his forehead on the door. *Id.*

Pictures were taken of his head injury and he was taken to Wadley Hospital where he was seen by Dr. McGregor. ECF No. 1 pg. 1. He was sent back to the jail with medications. *Id.* Plaintiff alleges he ran out of medication and was still in pain from his injuries. *Id.* When he complained to Nurse Williams, Nurse Stewart, and Nurse Cheatman about his injuries, Plaintiff asserts he was told he was on a waiting list to see Dr. Nash. *Id.* at p. 2. As relief, he asks for medical help and damages. ECF No. 1 pg. 2; ECF No. 4 pg. 4

Defendants indicate the events at issue in this case occurred on February 14, 2010, rather than on February 7th. ECF No. 15 pg. 1; ECF No. 18 Ex. A; ECF No. 19 pg. 2. They maintain the Plaintiff did not seek relief through the existing grievance or sick call procedure. ECF No. 15 pg. 1; ECF No. 19 pg. 2. By affidavits, Warden Gary Turner and Nurse Cheatman assert there are no grievances or sick call requests in Plaintiff's file regarding the February 14th incident or any injuries he sustained as a result of the incident. ECF No. 18-2 pg. 1; ECF No. 21-1 pg. 2.

In the supplemental complaint, Plaintiff alleges that he submitted grievances but does not have copies. ECF. No. 4 pg. 2. In his response to the motions to dismiss, Plaintiff agrees that the date he was injured was February 14th. ECF. No. 19 pg. 1. He also states that he "put in many sick call slips to the nurses and doctors" and "many requests and grievances to Warden Gary Turner to get help because of the pain and blindness that was in my eye." *Id.* at pgs. 1-2. Plaintiff, however, does not indicate whether these requests and grievances were submitted prior to filing this case.

## II.  DISCUSSION

As noted above, Defendants ask that the case be dismissed for failure to exhaust available

administrative remedies. As amended by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

When all claims have not been exhausted, the case is subject to dismissal. *Kozohorsky v. Harmon*, 332 F.3d 1141, 1143-44 (8th Cir. 2003)(Adopting total exhaustion requirement which requires dismissal of mixed petitions (those containing both exhausted and exhausted claims); However, plaintiff should have been permitted to file an amended petition including only exhausted claims); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

The burden is on the Defendants to show the Plaintiff did not exhaust all available administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002). The question that must be answered is whether there was a procedure available. *Id.* at 809. "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies under the PLRA, a district court may look beyond the pleadings and decide disputed issues of fact." *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010)(internal quotation marks and citation omitted); *see also Bryant v. Rich*, 530 F.3d 1368-1374-75 (11th Cir. 2008)("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for summary judgment; instead, it should be raised in a motion to dismiss").

While Plaintiff asserts he submitted requests and grievances, he does not indicate the date or dates on which any of the requests or grievances were submitted. In contrast, Defendants have, by affidavits, supported their assertion that no requests or grievances were submitted prior to the date

Plaintiff submitted the complaint to the Court for filing.  Defendants have met their burden of showing the Plaintiff failed to exhaust his administrative remedies.

### III.  CONCLUSION

For the reasons stated, I recommend that the motions to dismiss, ECF No. 14 and ECF No. 17, be granted.  Plaintiff may, of course, refile once he has exhausted his administrative remedies.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of September 2010.

　　　　　　　　　　　　　　　　　　　　　　/s/ Barry A. Bryant　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　 HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE